UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1209 VILLAGE WALK TRUST, LLC,<br><br>Plaintiff,<br>v.<br><br>RANDY BROUSSARD, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01903-MMD-PAL<br><br>ORDER |
| BANK OF AMERICA, N.A.,<br><br>Counterclaimant,<br>v.<br><br>1209 Village Walk Trust, LLC,<br><br>Counterdefendant. | |
| BANK OF AMERICA, N.A.,<br><br>Crossclaimant,<br>v.<br><br>THE FALLS AT RHODES RANCH CONDOMINIUM ASSOCIATION; ALESSI & KOENIG, LLC,<br><br>Crossdefendants. | |

**I.  SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Defendant Bank of America, N.A.'s ("BANA") motion for summary judgment. (ECF No. 65.) The Court has reviewed Cross-Defendant The Falls at Rhodes Ranch Condominium Owners Association's ("HOA") response (ECF No. 66) and BANA's reply (ECF No. 74).

///

///

Additionally before the Court is the HOA's motion for summary judgment (ECF No. 69). The Court has reviewed BANA's response (ECF No. 75) as well as the HOA's reply (ECF No. 76).

The Court grants BANA's motion for summary judgment based on 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") and accordingly denies the HOA's motion for summary judgment as moot.

**II. BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Randy Broussard ("Borrower") executed a note ("Note") and first deed of trust ("DOT") on August 27, 2004, in exchange for a loan in the amount of $184,500 ("the Loan") to purchase real property ("Property") located within the HOA at 9050 W. Warm Springs Rd., #1063, Las Vegas, NV 89148. (ECF No. 65 at 3.) The DOT listed Republic Mortgage LLC as the lender, National Title Co. as trustee, and MERS as beneficiary solely as nominee for the lender and lender's successors and assigns. (*Id.*) The DOT was recorded on August 31, 2004. (*Id.*)

Fannie Mae purchased the Loan and thereby obtained a property interest in the DOT in October 2004. (*Id.*)

The Borrower failed to pay HOA assessments. (*See id.* at 6.) The HOA recorded a notice of delinquent assessment lien on September 30, 2010; a notice of default and election to sell on January 26, 2011; and a notice of trustee's sale on July 15, 2013. (*Id.*) The sale ("HOA Sale") took place on August 14, 2013. (*Id.*) The Property reverted back to the HOA because there were no bids. (*Id.* at 7.) The HOA then conveyed its interest in the Property to Plaintiff 1209 Village Walk Trust, LLC on May 28, 2014. (*Id.*)

Fannie Mae retained its ownership the Loan at the time of the HOA Sale. (*Id.* at 3.) BANA was the servicer of the Loan at the time. (*Id.* at 4.)

**III. LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

1 **IV. BANA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 65)**

BANA argues that the Federal Foreclosure Bar protects Fannie Mae's interest in the DOT. (ECF No. 65 at 11.) The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *See id.* at 933.

The first two factors are satisfied because the Court grants Fannie Mae's request for judicial notice (ECF No. 65 at 7-8) of the following: (1) facts derived from the publicly available records of the Clark County Recorder; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

The HOA argues that BANA's request for judicial notice should be denied because none of the information requested to be noticed was public knowledge or easily verifiable at the time of the HOA Sale. (ECF No. 66 at 9.) The Court finds this argument unpersuasive because these are not relevant considerations for determining whether the Court may take judicial notice of certain facts.

The third factor—whether Fannie Mae possessed an enforceable property interest at the time of the HOA Sale—is also satisfied. Fannie Mae has produced evidence in the form of a declaration that Fannie Mae acquired the Note and DOT in October 2004 and

///

remained the owner of the Loan in August 2013. (*See* ECF No. 65-2 at 3-4.) The HOA does not introduce any evidence to the contrary. (*See* ECF No. 66 at 20.)

Thus, the Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

The HOA argues that the Federal Foreclosure Bar does not apply to the first DOT at issue here because the Federal Foreclosure Bar only applies to property of the FHFA—not the property of Fannie Mae. (ECF No. 66 at 15.) In support, the HOA cites only to an out-of-circuit District of Virginia opinion that has been vacated. (*Id.* (citing *Burke v. Fed. Nat'l Mortg. Ass'n*, 221 F. Supp. 3d 707, 710 (E.D. Va. 2016), *vacated via subsequent settlement*, No. 3:16-cv-153-HEH, 2016 WL 7451624 (E.D. Va. Dec. 6, 2016)).) The Court finds this argument unpersuasive.

The HOA further argues that the Federal Foreclosure Bar had no effect because FHFA's ownership of the Loan was not recorded. (ECF No. 66 at 18-19.) But the Ninth Circuit expressly rejected this argument in *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136 (9th Cir. 2018). There, the Ninth Circuit noted that the Housing and Economic Recovery Act, 12 U.S.C. § 4511 *et seq.* "does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship." *Id.* at 1150.

The HOA argues that BANA lacks standing to assert the Federal Foreclosure Bar because neither the FHFA nor Fannie Mae is a party to the case. (ECF No. 66 at 20.) The Ninth Circuit has held otherwise. *See Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017) ("Flagstar, as the loan servicer, acts as Fannie Mae's agent, and has standing to assert a claim of federal preemption.").

///

The HOA argues that the Federal Foreclosure Bar does not preempt NRS Chapter 116. (ECF No. 66 at 22.) But this Court is bound by the Ninth Circuit's holding to the contrary in *Berezovsky*, 869 F.3d at 925.

The HOA argues that the Federal Foreclosure Bar is unconstitutional as it leads to a taking in violation of the Fifth Amendment. (ECF No. 66 at 25.) However, the Ninth Circuit has held that Nevada law does not create a property interest in purchasing properties at homeowners associations' foreclosure sales with free and clear title. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1148 (9th Cir. 2018).

Accordingly, the Court grants BANA's motion for summary judgment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for summary judgment (ECF No. 65), seeking judgment in its favor on its counterclaims for quiet title and declaratory relief as well as Plaintiff 1209 Village Walk Trust, LLC's claims for quiet title and declaratory relief, is granted. The Court declares that the HOA Sale did not extinguish Fannie Mae's interest in the Property, and Plaintiff's interest in the Property is subject to the DOT.

It is further ordered that the HOA's motion for summary judgment (ECF No. 69) is denied as moot.

It is further ordered that the Clerk of the Court enter judgment in favor of BANA and close this case.

DATED THIS 4th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE